UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KELLER, | No. 2:23-cv-01591-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE, et al. | |
| Defendants. | |

Plaintiff is a former state prisoner[1] proceeding without counsel in an action brought against unnamed defendants. ECF No. 8. Plaintiff has already been granted leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915 (ECF No. 5), but his initial complaint (ECF No. 1) was dismissed with leave to amend. ECF No. 6. This order addresses plaintiff's amended complaint. ECF No. 8.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] Plaintiff lists his place of confinement as "Society" (ECF No. 8 at 4), which appears to be a reference to his status as no longer confined, as the CDCR Inmate Locator does not list plaintiff as an incarcerated individual.

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff's amended complaint cannot survive screening because, *inter alia*, it violates Federal Rule of Civil Procedure 8. A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Here, plaintiff alleges that two unnamed officers at CSP-Sacramento assaulted him, using excessive force. ECF No 8 at 2. Plaintiff's amended complaint, however, suffers

from the same deficiencies as his original complaint, and is not sufficiently pled. For example, plaintiff fails to name the defendants who committed the acts giving rise to his claims and does not provide a date or any other specific detail of the alleged attack.

Furthermore, plaintiff does not list any federal statutes under which he purports to bring his claim. Plaintiff maintains he went through the relevant grievance procedure, but he does not list the appeal number or any other identifying information about any grievance. His statement of claim states only: "Settlement. Punitive Damages." These brief and conclusory allegations fail to adequately identify the possible defendants and fail to put any purported defendants on notice of any federal claim or the grounds on which it rests.

Based on the foregoing, the court will dismiss plaintiff's complaint. In an abundance of caution, plaintiff will once again be given the opportunity to amend his complaint to cure the deficiencies identified herein.

Leave to Amend

Plaintiff may choose to further amend his complaint. He is cautioned that any second amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The second amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any second amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an

amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any second amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 8) is dismissed with further leave to amend within 30 days of service of this order; and

2. Failure to comply with this order may result in dismissal of this action.

Dated: November 27, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE