UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KELLER, | No. 2:23-cv-01591-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JOHN DOE, et al. | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought against unnamed defendants. ECF No. 13. Plaintiff has already been granted leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915 (ECF No. 5), but his initial complaint (ECF No. 1) and amended complaint (ECF No. 8) were dismissed with leave to amend. ECF Nos. 6, 12. Plaintiff has filed a second amended complaint which is screened herein. ECF No. 13. In the body of the second amended complaint, plaintiff also asks the court to appoint counsel and that request is addressed below.

Request for Appointment of Counsel

Plaintiff asks the court to appoint counsel because he is "a mental health patient" and is "on psych medication." But plaintiff has not explained how those issues prevent him from litigating the instant case; in fact, he has provided no information or evidence about his mental health diagnoses, symptoms, or treatment. District courts lack authority to require counsel to

represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has failed to show exceptional circumstances.

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's second amended complaint cannot survive screening because it violates Federal Rule of Civil Procedure 8 and fails to state sufficient facts to support a federal claim for relief. A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Here, plaintiff alleges that two unnamed correctional officers at some "C.D.C." facility assaulted him, using excessive force. ECF No 13. Once again, plaintiff fails to name the defendants who committed the acts giving rise to his claims and does not provide a date or any other detail of the alleged attack.

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7.

Plaintiff's brief allegations fail to state sufficient facts to support an excessive force claim or to put any purported defendant on notice of his claims against him. The second amended complaint (like all of plaintiff's prior complaints) does not state facts showing that the use of force was malicious rather than a good-faith effort to maintain or restore discipline.

////

Despite notice of the deficiencies in the complaint and two opportunities to amend, plaintiff is no closer to stating a claim upon which relief could be granted. The court finds that further leave to amend is not warranted. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request for appointment of counsel is DENIED; and
2. The Clerk of Court randomly assign a district judge to this action.

It is further RECOMMENDED that this action be dismissed without prejudice and without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE